**Mr. Fortunatus B. Wilcox**
**Federal Reg. #68266-079**
Federal Correctional Institution
P.O. Box 1500 Unit "A"
El Reno, OK 73036

United States District Court
Southern District of Texas
FILED
JAN 20 2000
MICHAEL N. MILBY CLERK

Sunday, January 9, 2000

C 00 030




**VIA CERTIFIED MAIL/RRR # Z 419 494 028**

U.S. Department of Justice
Assistant Attorney General, Civil Rights Division,
Special Litigation Section,
Post Office Box 66400,
Washington, D.C. 20035-6400.

**RE: MY COMPLAINT AGAINST MR. STEVEN TAYLOR & MR. DANNY ROBERTSON FOR THEIR CONSPIRACY & PLOT TO SET ME UP WITH NARCOTICS (HEROIN), SHANK, CONTRABAND, FALSE CRIMINAL CHARGES AGAINST ME FOR ASSAULTING THEM, & TO SET MY CELL ON FIRE, SO AS TO LOCK ME UP IN "SEGREGATION" & TO KEEP ME IN PRISON FOR ANOTHER TWENTY TO THIRTY YEARS, & DIVERT ATTENTION FROM THE U.S. GOVERNMENT INVESTIGATION AGAINST THEM FOR CONTINUOUS & FLAGRANT VIOLATION OF FEDERAL LAWS & BOP POLICIES FOR CONTINUOUSLY RETALIATING AGAINST ME FOR FILING COMPLAINTS TO THE FBI DIRECTOR DATED SEPTEMBER 14, 1999, & THURSDAY, OCTOBER 2, 1999, & FOR FILING SEVERAL ADMINISTRATIVE REMEDIES AGAINST TAYLOR, ROBERTSON, MAUNE, MOORE, BARNES, ET AL.**

## INSTANT COMPLAINT

**ISSUE #1.** That on Tuesday January 4, 2000, at about 9:10 p.m. at FCI El Reno, Oklahoma, in Unit "A", in cell 124, I was informed by **Mr. Larry Gene Powell #27650-077**, that inmate **Mr. Joe Thomas Tucker #03393-078** had learned from **MR. TAYLOR & MR. ROBERTSON, Correctional Counselors,** that the reason **MR. TAYLOR & MR. ROBERTSON** moved me into the same cell (cell 124) with **Mr. Powell**,on January 4, 2000, is so that **TAYLOR & ROBERTSON** would conveniently **"set up" Mr. Powell** & **myself (Mr. Wilcox)** with **"heroin"**, so that **Powell** & **myself** would be charged with possession & trafficking of narcotics, & we will spend the rest of our lives in prison. See **Exhibit "CTH#1001"**: FBI referral of



ClibPDF - www.fastio.com

**INSTANT COMPLAINT continued**

my complaint against **TAYLOR, ROBERTSON, et at.**, to Assistant Attorney General, Civil Rights Division, Washington, D.C., & **Exhibit "CTH#1002":** Undisputable evidence of my move from cell A04-202L to A02-124L, on 01-04-2000. See **Appendix "Z.Z":** Undisputable evidence from the U.S. Drug Enforcement Agency **(DEA)** that I have **NO** history of use, sale, &/or association with narcotics **(drugs)** whatsoever. See **C.A. No. C-98-500 USDC Corpus Christi, Tx.** & **CIV-94-854-T, OKC, OK,** respectively: **WILCOX V. ALEMAN, et al.:** Undisputable evidence of my **genuine vigorous challenge** to a **"trumped up" (bogus) "possession of narcotics"** disciplinary charges against me by officer **FRANCISCO ALEMAN, JR.**, on July 17, 1998, via **$1.00 (ONE DOLLAR) civil suit & habeas action** respectively. See also **Exhibit "CTH#1004": Larry G. Powell #27650-077** affidavit.

**ISSUE #2.** **Tucker** had also indicated to **Powell** that **TAYLOR & ROBERTSON** may **"set up" Powell** & **myself** with **shank** (prison made knife).

**ISSUE #3.** I have been informed by inmates who are close to **TAYLOR** & **ROBERTSON** THAT I should be careful because **TAYLOR** & **ROBERTSON** have serveral weapons at their disposal & may **"set me up"** with contraband, so as to **"lock me up" in "segregation"** & take me off the compound.

**ISSUE #4.** I have been informed by inmates that **TAYLOR** & **Robertson** may **"set my cell on fire";** so as to **"lock me up" in "segregation"** & take me off the compound.

**ISSUE #5.** Recently, on December 15, 1999, **ROBERTSON** with **TAYLOR** prodding him strenously attempted **to initiate "physical contact" with me** by **rushing towards** me **like a running back, running into a defensive line** which compelled me to take four (4) consecutive steps backwards to avoid the rushing **ROBERTSON. ROBERTSON** had intended to make **physical contact** with me & to press **emergency button,** so that all officers will rush to the scene & **"lock me up" in "segregation",** & subsequently **file criminal charges against me** for **assaulting** a federal government official.

**ISSUE #6.** Recently, on December 16, 1999, with **Ms. DIANE MOORE** & **ROBERTSON** present, **TAYLOR "locked me up"** in the counselor's office & **attempted to use "force" against me &/or provoke me to "physical confrontation"** with him, & **TAYLOR threatened to "lock me up" in "segregation" & to move me into a 3-MAN**



ClibPDF - www.fastio.com

Case 2:00-cv-00030 Document 1 Filed in TXSD on 01/20/2000 Page 3 of 17



**CELL. TAYLOR** intended to achieve the same result that **he** & **ROBERTSON** had hoped for in **ISSUE #5** hereinabove.

**ISSUE #7.** Recently, on December 16, 1999, **Ms. DIANE MOORE** in **"conspiracy"** with **TAYLOR** & **ROBERTSON** with intent to move me to **a 3-MAN CELL** maliciously, knowingly, intentionally, vindictively, retaliatorily & with **intentional falsehood** declared that I gave her a **"bad check"** & that I refused to make payment in accord with my **BOP Financial Responsibility Plan (FRP) agreement** (contract); whereas **Ms. MOORE** knew that her statements were **FALSE,** because I **never** gave **MOORE** any **check** whatsoever & I did **NOT** refuse to make FRP payment. See **Exhibit "CTH#1003":** Undisputable evidence of my **FRP** payment by my family for **SIX (6) quarters,** from **December 1999** through **March 2001, until I am released from prison on May 27, 2001,** according to **BOP** computation of my release date, which **I am vigorously challenging in court via habeas action, in USDC Oklahoma City, OK: CIV-99-1770-T: WILCOX v. RENO, ET AL.,** because from my education, training & experience my **release date from prison was MAY 14, 1998 (eighteen months PAST DUE).**

**ISSUE #8.** Recently, on January 4, 2000, **Ms. JEAN L. MORRIS, Unit Manager, Unit "A",** with **TAYLOR** & **ROBERTSON** designating me to **cell 124 West** approved & executed my move from cell 202 West (2-MAN CELL) to **cell 124 West (3-MAN CELL) with chronic sanitation problems with malfunctioning toilet/commode & sink,** under the pretext that she **(MORRIS)** is imposing **punishment** against me for refusing to make BOP **"VOLUNTARY" FRP** payment, thereby **aiding & abetting & in furtherance the acts of TAYLOR's, ROBERTSON's & MOORE's "conspiracy" & to accomplish part of the goal of the "conspiracy" to move me to an UNSANITARY 3-MAN CELL, specifically Powell's cell 124 West. MORRIS, TAYLOR** & **ROBERTSON** had received several complaints from inmate **Tucker #03393-078** & **Charles Glover # ____-079, Powell's** cell mates until January 4, 2000, 4:00 p.m. that **Powell** who is 5 feet 8 inches tall & weighs about **320 lbs (three hundred & twenty pounds)**, every night **snores with great & unbearable noise** throughout the night causing his cell mates to have **continuous sleepless nights,** which resulted to **tremendous stress** & **tension** & **increased confrontations** between **Powell** & his former cell mates & I am experiencing the same problems, including the problem of **incompatibility** between **me (a non-violent, white collar offender)** & my cell mates **Powell & Copeland,** who are **NOT** non-violent offenders. Whereas, **MORRIS** knew that I did **NOT** refuse to make my **"VOLUNTARY" FRP** payment, which she **(MORRIS)** had **ILLEGALLY, UNCONSTITUTIONALLY, & IN VIOLATION** of BOP policy made the FRP **"MANDATORY".** See **U.S. v. Mortimer,** 94 F.3d 89, 89-91 (2d Cir.



ClibPDF - www.fastio.com

1996)(restitution **invalid** when determination of payment schedule delegated to Bureau of Prisons) & **U.S. v. Blake,** 81 F.3d 498, 507 (4th Cir. 1996)(restitution **invalid** when determination of amount and schedule of restitution installment payments delegated to Bureau of Prisons or U.S. Probation Office). Equally important **MORRIS** displayed **"deliberate indifference"** & **"reckless disregard"** towards my 1st, 8th & 14th Amendments constitutional rights & federally protected rights, because **MORRIS** knew that I did **NOT** refuse to make the said **"voluntary"** FRP payment but had sent her MORRIS two (2) BP-8s' that **MORRIS** signed on January 3, 2000, concerning my deligent effort to make the said FRP payment; & that I had sent written requests to **MOORE** & **Ms. P.G. BRETZ, Controller,** FCI El Reno on 12-16-99, requesting **BRETZ** to debit my Inmate Trust Fund (ITF) account for the required $25.00 (twenty five dollars) FRP payment. And when I was informed by **BRETZ** that it was too late for her to debit my ITF account for December 1999 quarter, I had informed both **MORRIS** & **BRETZ** on/or about December 28, 1999, that on **December 23, 1999**, my Big sister, DARLANA DAVISON, had remitted payment of **$150.00 for six quarters** in advance to the Clerk, U.S. District Court, Houston, Tx. See **Exhibit "CTH#1003".** Furthermore on January 5, 1999, at about 11:40 a.m. in the dinning hall, **MORRIS** acknowledged to **Warden L.E. FLEMING** (at the time I was complaining to **Warden FLEMING** concerning **ISSUES #1,#2, & #3**) that she **(MORRIS)** had received evidence (same as **Exhibit "CTH#1003"**) of my FRP payment of $150.00 from my sister. But **MORRIS** failed to move me back to my cell. On January 5, 2000, about 4:50 p.m. in the dinning hall, **MORRIS** was accompanied by **MOORE,** I showed **MORRIS Exhibit "CTH#1003"** & other relevant documents & requested **MORRIS** to move me back to my cell as she had promised; but **MORRIS** got angry, declined to continue the dialogue & walked away. I am convinced beyond reasonable doubt that **MORRIS** had exhibited **"deliberate indifference"** towards the said constitutional & federally protected rights, & **MORRIS** has shown her **"active participation"** in furtherance the goals of **TAYLOR, ET AL., "conspiracy",** to wit, **MORRIS unconstitutional & illegal** implementation of her policy of **"mandatory"** BOP FRP payment in **"RETALIATION"** for the exercise of my **"freedom of speech" right** for filing complaints against her **surbordinate co-workers: TAYLOR, ROBERTSON, MOORE, ET AL..** It is abundantly clear that as a **"reasonable person",** I did everything I could to avoid litigating **MORRIS unconstitutional & illegal** FRP policy, but **MORRIS** had & continues to act with **"deliberate indifference",** thus I am compelled to litigate **MORRIS unconstitutional & illegal MANDATORY FRP** payment policy. **MOORIS refused my request to call the court,** with taxpayers provided telephone, subsequent to **her unfounded claim** that my sister (DARLANA) may have **NOT** mailed **money order #01679583723 (Exhibit "CTH#1003")** to the court.



ClibPDF - www.fastio.com

**HISTORY OF RETALIATION BY TAYLOR, ET AL., AGAINST ME**

**TAYLOR, ROBERTSON, MOORE, MORRIS, ET AL., HISTORY OF "RETALIATION" AGAINST ME, CONTINUOUS EGREGIOUS & FLAGRANT VIOLATION OF MY CONSTITUTIONAL RIGHTS, FEDERAL LAWS & BOP POLICIES**

The following complaints are pending with the U.S. Assistant Attorney General, Civil Rights Division, Special Litigation Section, Washington, D.C., the FBI & the BOP as administrative remedies BP-8s', 9s', 10s' & 11s' against the directly hereinabove listed individuals, et al..

1.] On March 23, 1999, I filed a complaint to Kathleen Hawk Sawyer, BOP Director, Washington, D.C., complaining of my potential work assignment to Food Service which is "LIFE-THREATENING" & HAZARDOUS to my health because of my asthmatic condition, by my Unit team officials (P.D. MAUNE, JACKIE ELLIS & DIANE MOORE). I received response from EMMA J. MITCHELL, Regional Health Systems Administrator, Dallas, Texas, dated April 1, 1999, & response from Warden FLEMING dated April 12, 1999.

2.] See BP-10#199680-R1, dated 12-28-99: P.D. MAUNE & L. VILLANUEVA denied me & Mr. Clymore access to the prison law library from on/or about 5-17-99 thru 6-22-99; & knowingly causing me irreparable "actual injury".

3.] See BP-10#199679-R1, dated 12-28-99: D. ROBERTSON & S. TAYLOR "RETALIATED" against me for filing complaints against MAUNE, VILLANUEVA, & CO., by reducing my monthly salary from $15.00 to $5.25 on/or about 9-2-99.

4.] See BP-10#199678-R1, dated 11-28-99: D. ROBERTSON & S.TAYLOR maliciously knowingly, "RETALIATED" against me for filing complaints against MAUNE, VILLANUEVA, et al., by displaying "deliberate indifference" & "reckless disregard" to my "LIFE" by assigning me to Food Service on 9-7-99.

5.] See My complaint dated September 14, 1999, to Louis J. Feeh, Director FBI, captioned:

> "MY COMPLAINT & REQUEST TO "SAVE MY LIFE", IMPARTIAL INVESTIGATION, "CRIMINAL CHARGES" & PROSECUTION AGAINST DR. BARBARA MALCHER, S.TAYLOR, D. ROBERTSON, L. BARNES, P.D. MAUNE, ET AL., FOR "CONSPIRACY" TO VIOLATE MY CIVIL RIGHTS WITH INTENT TO "KILL ME,"..."



ClibPDF - www.fastio.com

**HISTORY OF RETALIATION BY TAYLOR, ET AL., AGAINST ME continued**

The said complaint had been referred to Assistant Attorney General, Civil Rights Division. See **Exhibit "CTH#1001".**

6.] See BP-10#200163-R1, dated 12-28-99: On 10-28-99, S. TAYLOR opened my "LEGAL MAIL" in my presence, TAYLOR proceeded to read the "legal mail" against my freewill & consent, because the first instrument in the envelope was my complaint to the FBI director dated September 14, 1999, directed against **TAYLOR, et al..**

7.] See BP-10#199686-R1, dated 12-28-99: On 10-28-99, **S. TAYLOR** after reading the said "legal mail" in No. 6.] directly hereinabove, **arbitrarily seized my legal documents & decent pictures & told me he will give me a shot.**

8.] See BP-10#199687-R1, dated 12-28-99: **Ms. DIANE MOORE** (my Case Manager) & **Mr. LARRY BARNES** (my former Unit Manager) "RETALIATORILY", MALICIOUSLY, INTELLIGENTLY, KNOWINGLY, ABUSIVELY, & OPPRESSIVELY arbitrarily prevented me from transferring to a "low security" prison by **Ms. MOORE** awarding me "(0) POOR" in "RESPONSIBILITY" on my "CUSTODY CLASSIFICATION FORM" (BP-338), & incorrectly stating on my "PROGRAM REVIEW REPORT" that I refuse to participate in release program, etc.. **BARNES** ACTED IN "CONSPIRACY" with & approved MOORE's acts. MOORE & BARNES kept me in El Reno so that they can interfere with, tamper, read, control, & seize my "legal mails", interfere with my visits, life, continue to "retaliate", harass, intimidate, abuse, oppress, possibly **"SET ME UP" with "trumped up" RETALIATORY NARCOTICS CHARGES like officer F. ALEMAN.** See C.A. No. C-98-500 in USDC C. Christi, Tx. (SUIT FOR $1.00) & CIV-99-0854-T in USDC OKC, OK (HABEAS ACTION); "SET MY BED/CELL ON FIRE," like **LT. R. SWAIN,** Head SIS official at FCI, Three Rivers, Tx. See C.A. No. C-98-501: WILCOX V. LT. SWAIN, in USDC, CC,Tx. **10-6-99 MOORE & BARNES incident.**

9.] See BP-10#200165-R1, dated 12-28-99, wherein **Ms. DIANE MOORE** had admitted **tampering with my "legal mail"** in my presence on/or about 10-26-99.

10.] See my complaint to FBI director **ERRONEOUSLY dated Thursday October 2, 1999** (See P.1 & P.6 at No.6] & 7.] of this instant instrument**).** The said complaint also **ERRONEOUSLY** stated the date of **TAYLOR's** unconsented review of my **"legal mail"** & **TAYLOR's arbitrary seizure of my legal documents** & decent pictures as 10-2-99, instead of the **ACTUAL DATE of 10-28-99** ( a clear unintentional typographical ommission of 8 by my typist). **I had filed the**



ClibPDF - www.fastio.com

**said complaint to the FBI Director on October 28, 1999, via Certified Mail/RRR# Z 419 491 555.**

11.] See BP-8, LOGGING #: 153, dated 11-21-99: **On 11-10-99, S. TAYLOR** USED indecent & abusive language against me, I quote:

**"WILCOX YOU ARE AN ASSHOLE".**

12.] See BP-8, LOGGING #: 154, dated 11-21-99: **On 10-11-99, S. TAYLOR** solicited the assistance of G. BRUGGEN, SO, to intimidate, harass & retaliate against me. BRUGGEN **DECLINED TAYLOR's ILLEGAL INITATION**

13.] See BP-8, LOGGING #: 155, dated 11-21-99: **On 11-12-99, TAYLOR** may have been implicated by officer "John Doe" (Reagan) shakedown of my cell; and may be soliciting officers to **"FRAME ME"** with **"CONTRABAND",** so as to accomplish **TAYLOR's** goal to **"lock me up"** in **"SEGREGATION". El Reno Tribune article dated October 31, 1999: "FCI Worker faces drug complaint" - Undisputable showing BOP OFFICIALS BRING NARCOTICS INTO FCI EL RENO.**

14.] See BP-8, LOGGING #: 156, dated 11-21-99: **On/or about 11-16-99, P.D. MAUNE** & **S. TAYLOR,** did knowingly "conspired" to harass, intimidate, & retaliate against me, to wit, both **MAUNE** & **TAYLOR** said to me:

**"WILCOX DID YOU MISS ME...."**

**TAYLOR** also said that I got him talking to the FBI.... Both **TAYLOR** & **MAUNE** were in the company of **LT. GONZALES, who was an innocent bystander.**

15.] See BP-8, LOGGING #: 180, dated 11-21-99: **On 11-19-99, LARRY BARNES,** THREATENED TO GIVE ME A "TRUMPED UP" incident report that will send me to spend a lot of time in SHU (SEGREGATION); & that he had solicited SIS Officials to issue me "TRUMPED UP" incident report that will send me to the SHU for a long time.

16.] See BP-8, LOGGING #: 181, dated 11-21-99: **Between on/or about November 8, 1999, thru November 18, 1999,** "unknown" member(s) **(TAYLOR, ROBERTSON, MOORE, ELLIS, & BARNES)** of Unit "A" team, at FCI El Reno did knowingly & intentionally "extract" a documentary evidence that I had attached to my BP-8 dated 11-8-99, filed against **Ms. D. MOORE** for opening & tampering with my "legal mail" outside my presence. See P.6 at No. 9] of this instant instrument.



ClibPDF - www.fastio.com

**HISTORY OF RETALIATION BY TAYLOR, ET AL., AGAINST ME** **continued**

***NOTICE***

The said **SIX (6) BP-8s** in Nos: 11*], 12*], 13*], 14*], 15*], & 16*], hereinabove were hand delivered by to **D. ROBERTSON** on/or about 11-22-99, with three (3) eyewitnesses,but uptil date **ROBERTSON** had failed to process & return the said BP-8s to me. The said BP-8s were filed by Clerk of USDC, Oklahoma City, OK., on **12-2-99**, in **CIV-99-1770-T: WILCOX v. RENO, et al.,** as part of the evidence to support my motion for the court to prevent my **"arbitrary transfer"** to another institution & also to prevent my **"arbitrary segregation"** by **TAYLOR ET AL..**

17.] See BP-8, LOGGING #: 199, dated January 7, 2000: On/or about Sept. 11, 1999, & continuing to on/or about Jan. 7, 2000, **Mr. D. ROBERTSON,** KNOWINGLY, INTENTIONALLY, RETALIATORILY, & maliciously w/intent to damage my reputation & cause attorneys & investigator(s) that I'm associated w/to CEASE association w/me, to wit: **ROBERTSON** informed the said attorneys et al., that I was practicing law in the State of Oklahoma without a license. Whereas, **ROBERTSON** knew that the said information is **"intentional falsehood."**

18.] See BP-8, LOGGING #: 198, dated January 7, 2000: That on/or about 10-16-99, **Mr. S. TAYLOR** solicited the assistance of **G. BRUGGEN,** Senior Officer, to intimidate, harass, retaliate against me, to wit: **TAYLOR DID KNOWINGLY & INTELLIGENTLY REQUESTED BRUGGEN TO SAY "HELLO" TO ME.** From my experience it is possible that **TAYLOR** may have solicited **BRUGGEN** to **"SET ME UP" WITH CONTRABAND: "NARCOTICS", "SHANK",** etc., so to **"LOCK ME UP"** in SHU: however, **BRUGGEN,** who is a decent, ethical & professional officer, I believe declined **TAYLOR's ILLEGAL INVITATION.**

19.] See BP-8, LOGGING #: 188, dated December 20, 1999: That on 12-15-99, at about 11:40 a.m. **Mr. DANNY ROBERTSON** came into my cell & was accompanied by **Mr. S. TAYLOR,** who was standing outside the cell door; then **ROBERTSON** gave an order which I complied with instantly. I asked **ROBERTSON** if his order was **"differential treatment".** Immediately, **TAYLOR** yelled something & spontaneously, **ROBERTSON** started running towards me so as to make physical contact with me, press deuce button & lock me up in SHU; I immediately took **FOUR (4) CONSECUTIVE STEPS BACKWARDS** TO **AVOID** the rushing **ROBERTSON.** The **"NUCLEUS",** of my complaint is **ROBERTSON ATTEMPT TO INITIATE PHYSICAL CONTACT WITH ME, HE IS THE AGGRESSOR, I' AM THE VICTIM.** See **ISSUE #5.**



ClibPDF - www.fastio.com

**HISTORY OF RETALIATION BY TAYLOR, ET AL., AGAINST ME continued**

20.] See BP-8, LOGGING #: 189, dated December 20, 1999: That on 12-16-99, at about 11:55 a.m. **Mr. STEVEN TAYLOR** locked me up in the counselor's office & attempted to use force against me &/or provoke me to physical confrontation with him, & **TAYLOR's** threat to **"lock me up"** in segregation & to move me into a **3-MAN CELL.** See **ISSUE #6.**

21.] See BP-8, LOGGING #: 184, dated December 20, 1999: That on 12-16-99, at about 11:55 a.m. maliciously, knowingly, intentionally, vindictively, retaliatorily & with intentional falsehood declared that I gave her a **"bad check"** and that I refuse to make payment in accord with my FRP agreement (contract); whereas **Ms. MOORE** knew that here statements were **FALSE,** because I never gave **MOORE** any check whatsoever & I did **NOT** REFUSE TO MAKE FRP payment. **MOORE** in conspiracy **w/TAYLOR & ROBERTSON** intend to move me to a **3-MAN CELL.** See **ISSUE #7.**

22.] See BP-8, LOGGING #: 210, dated January 7, 2000: See **ISSUE #8.**

**UNDISPUTABLE EVIDENCE THAT TAYLOR IS CAPABLE OF SETTING ME UP WITH NARCOTICS CHARGES**

1.) See **"Exhibit P#207":** El Reno Tribune article dated October 31, 1999, page 1, & captioned:

**"FCI WORKER FACES DRUG COMPLAINT"**

This proves that BOP prison officials like **TAYLOR** brings narcotics into prison facilities.

2.) On May 17, 1999, **Ms. N. HOYT,** my former Unit Manager, Unit "A", at FCI El Reno, was arrested by the FBI for trafficking narcotics into the institution.

3.) That in 1999, **Mr. GLEN BRUMMETTE** was arrested by the FBI, at FCI El Reno, & later pleaded **GUILTY** for "narcotics manufacturing".

4.) I had informed the Justice Department, FBI, etc., that BOP prison officials at FCI, Three Rivers, Texas, were "trafficking narcotics"; between **March & July 1999**, the FBI arrested about 4 (four) BOP officials at FCI, Three Rivers for "trafficking narcotics".

5.) See **Exhibit "C#1013": GQ Magazine** article December, 1999 issue, at P.276: On August 21, 1995, BOP officials at FTC OKlahoma, **tortured and murdered inmate KENNETH TRENTADUE.**

**CONCLUSION**

In conclusion, I respectfully request the President of the U.S. & federal authorities, the media & my family to stop **TAYLOR, et al.**

Executed on: 1-9-2000, Respectfully submitted, Mr. FORT WILCOX



ClibPDF - www.fastio.com

CERTIFICATE OF SERVICE

Pursuant to the principles of HOUSTON v. LACK, 487 U.S. 266, 276 (1988), I do hereby certify that this complaint was filed with the U.S. Department of Justice, Assistant Attorney General, Civil Rights Division, Special Litigation Section, P.O. Box 66400, Washington, D.C. 20035-6400, on January 11, 2000, & served on entities listed hereinbelow on January 11, 2000, by depositing the said complaint into the prison mail collection box, in sealed envelopes, first class postage affixed and addressed to:

1. William J. Clinton, President
The United States of America
1600 Pennsylvania Ave.
Washington, D.C. 20550
Via Cert. Mail/RRR# Z 419 492 477

2. Rtd. Gen. Olusegun Obasanjo, President
Federal Republic of Nigeria
Asa Rock,
Abuja, Nigeria
Via Reg. Mail thru Atty. V. Dan-Jumbo

3. The Hon. Janet Reno, Atty. Gen. US
Const. & 10th St. N.W.
Washington, D.C. 20530
Via Cert. Mail/Regular Mail

4. Thomas A. Reynolds, Chief
Color of Law Unit (FBI)
Criminal Investigative Division
10th St. & Const. Ave. N.W. Rm. 5643
Via Cert. Mail/RRR# Z 419 494 029

5. U.S. Atty. Gen. Off. Criminal Div.
10th St. & Const. Ave. N.W.
Washington, D.C. 20530
Via Cert. Mail/RRR# Z 419 494 030

6. DEA
1405 Eye St., N.W.
Washington, D.C. 20537
Via Cert. Mail/RRR# Z 419 494 031

7. Kathleen H. Sawyer, Director
U.S. Bureau Of Prisons (BOP)
320 First Street, N.W.
Washington, D.C. 20534
Via Cert. Mail/Regular Mail

8. Michael D. Hood
Regional Counsel (BOP)
4211 Cedar Springs Rd., Ste. 300
Dallas, Texas 75219
Via Cert. Mail/Regular Mail

9. Mr. L.E. Fleming, Warden
Federal Correctional Institution
P.O. Box 1000 Hwy. 66 West
El Reno, Oklahoma 73036-1000
Via Cert. Mail/RRR# Z 419 494 035

10. Hon. Robert D. Dennis Clerk
USDC Western District of Oklahoma
200 N.W. 4th Street
Oklahoma City, Oklahoma 73102-3092
Via Cert. Mail/RRR# Z 419 494 036

11. Hon. Michael N. Milby, Clerk
USDC Southern District of Texas
512 Starr, Room 101
Corpus Christi, Texas 78401
Via Cert. Mail/RRR# Z 419 491 591

12. Timothy B. Atkins
Supervisory Special Agent (FBI)
P.O. Box 568801
Oklahoma City, Oklahoma 73156
Via Cert. Mail/RRR# Z 419 492 478

13. Darlana J. Davison (Wilcox Sister)
531 N. Poplar Street
Wichita, Kansas 67214

14. Margery Powell (Larry Powell's Mom)
111 Trailview Drive
Terrell, Texas 75160

15. Embassy of Nigeria
2201 M. Street, N.W.
Washington, D.C. 20037

16. Associated Press
50 Rockefeller Plaza
New York, N.Y. 10020
Via Cert. Mail/Regular Mail

17. Keri Jensen, The El Reno Tribune
Via Cert. Mail/RRR# Z 419 492 480

18. The News Editor, The Daily Oklahoman
Via Cert. Z 419 492 481

19. KWTV 9
Via Cert. Mail/Regular Mail

20. ABC News: "20/20"
Via Cert. Mail/Regular Mail

21. Trans Union
760 W. Sproul Rd.
Springfield, Pa. 19064-0390
Via Cert. Mail/RRR# Z 419 492 484

22. CSC Credit Services
P.O. Box 674406
Houston, Texas 77267-4406
Via Cert. Mail/Regular Mail

23. Experian, P.O. Box 9595, Allen, Tx 75013-9595
24. FCI El Reno Lieutenants: DEMBY, BOONE, PERRYMAN, GONZALES, & FOWNER.
25. U.S AttyWestern Dist of OKC OK. Via Cert. Mail Z 419 492 488

Signed under penalty of perjury 28 U.S.C. § 1746 this 11th day of January, 2000

/s/ [signature] [signature]

Mr. Fort Wilcox
#68266-079, FCI, El Reno, OK.

Exhibit "CTH#1001"



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535-0001

December 13, 1999

Mr. Fortunatus B. Wilcox, #68266-079
Federal Correctional Institution
Post Office Box 1500, Unit A
El Reno, Oklahoma 73036

Dear Mr. Wilcox:

I am writing in response to your correspondence addressed to the FBI.

The Civil Rights Division, Department of Justice, has the final authority regarding federal action in civil rights matters. Accordingly, I am referring a copy of your correspondence to the Special Litigation Section for its review. If you have any additional correspondence regarding this matter, please mail it to the Assistant Attorney General, Civil Rights Division, Special Litigation Section, Post Office Box 66400, Washington, D.C. 20035-6400.

Sincerely yours,

Thomas A. Reynolds

Thomas A. Reynolds
Chief, Color of Law Unit
Criminal Investigative Division

EREVE * EL RENO FCI * 01-04-2000
PAGE 002 OF 002 14 50 08

QTRG EQ A***

Exhibit "CTH#1002"
Exhibit "CTH#1002"

| REG NO | NAME | FROM | TO | TIME | CATEGORY(2) | CATEGORY(3) |
|---|---|---|---|---|---|---|
| QUARTERS CHANGES EFFECTIVE 01-04-2000 | | | | | WRK ASGN | |
| 27921-077 | ABNEY | A04-218U | A02-116L | 1630 | SEG CARTS | |
| 76611-080 | AGUILAR-MU | A02-126U | A04-228U | 1630 | SEG CARTS | |
| 15439-047 | BOCK | A03-204U | A02-121U | 1630 | AM DINING | |
| 02569-078 | BOOKER | A01-108U | A02-127U | 1630 | ORD UNIT A | |
| 94403-080 | CASTILLO | A02-125U | A03-227U | 1630 | AM DINING | |
| 31331-077 | CHIMNEY | A02-112L | A02-117U | 1630 | SEG CARTS | |
| 30193-077 | COPELAND | A02-105U | A02-118L | 1630 | AM DINING | |
| 57794-097 | COVARRUBIA | A02-128L | A04-228U | 1630 | MD T 10 | |
| 90744-080 | DELGADO-GA | A02-121U | A03-204U | 1630 | LIBRARY | |
| 06565-045 | EDWARDS | A02-116L | A04-218U | 1630 | MD T 15 | |
| 75282-079 | GLOVER | A02-124L | A04-202L | 1630 | FS 3 | |
| 14695-051 | HECKARD | A03-227U | A02-125U | 1630 | LIBRARY | |
| 29279-077 | HILL | A01-114U | A02-129L | 1630 | SEG CARTS | |
| 04283-010 | LADD | A01-119U | A02-122U | 1630 | MECH SVC | |
| 30372-077 | MCDANIELS | A02-107L | A02-110U | 1630 | MD T 08 | |
| 07459-078 | MCQUEEN | A02-118L | A02-105U | 1630 | REC HOBBY | |
| 64331-080 | MOORE | A02-103U | A02-126L | 1630 | SEG CARTS | |
| 36245-053 | MORA | A02-126L | A01-125U | 1630 | MD T 17 | |
| 15814-047 | PEGUES | A02-129L | A01-114U | 1630 | FS 3 | |
| 25776-077 | PINA | A02-130L | A02-107L | 1630 | UNASSG | |
| 03485-063 | ROBERSON | A01-125U | A02-123U | 1630 | REC GYM | |
| 49315-080 | SOTO | A02-122U | A01-119U | 1630 | MD T 08 | |
| 03393-078 | TUCKER | A02-124U | A02-129U | 1630 | UNASSG | |
| 68266-079 | WILCOX | A04-202L | A02-124L | 1630 | AM TRASH | |
| 08146-031 | WILSON | A04-228U | A02-128L | 1630 | ORD UNIT A | |
| 28908-077 | YOUNG | A02-117U | A02-112L | 1630 | ELECT 1 | |
| WRK DETAIL CHANGES EFFECTIVE 01-05-2000 | | | | | QTR ASGN | UNT ASGN |
| 07542-062 | BROWN | MD T 17 | MD T 07 | 0001 | A04-221L | UNT A |
| 33047-077 | BUGG | FS 3 | PM DINING | 0001 | A02-102U | UNT A |
| 31331-077 | CHIMNEY | SEG CARTS | PM DINING | 0001 | A02-112L | UNT A |
| 75282-079 | GLOVER | FS 3 | AM DINING | 0001 | A02-124L | UNT A |
| 09480-112 | HA | FS 3 | PM DINING | 0001 | A02-103L | UNT A |
| 29193-048 | JOHNSON | UNASSG | REC AM GYM | 0001 | A03-222L | UNT A |
| 11818-112 | LAM | FS 3 | PM DINING | 0001 | A04-216L | UNT A |
| 15814-047 | PEGUES | FS 3 | PM DINING | 0001 | A02-129L | UNT A |

G0000 TRANSACTION SUCCESSFULLY COMPLETED

ClibPDF - www.fastio.com



U.S. Department of Justice

Drug Enforcement Administration

Appendix "Z.1"

Washington, D.C. 20537 March 9, 1999

Request Number 99-0955-C Subject of Request. WILCOX, FORTUNATUS B

USP THREE RIVERS
P.O. BOX 4200
THREE RIVERS, TX 78071

DEAR FORTUNATUS B. WILCOX:

Your Freedom of Information/Privacy Act request to the Drug Enforcement Administration (DEA) has been reviewed. The paragraphs checked below apply:

[ ] Preliminary review of DEA indices indicates that there are a number of DEA files that contain references to the subject of your request. It is estimated that up to six months will be required to locate and process for release the material contained in these files. You will be notified if an advance fee deposit will be required before processed documents can be released.

[ ] A review of DEA indices indicates that records responsive to your request are now being held by the Federal Records Center. We have asked that these documents be sent to us for processing. When they are received and processed, nonexempt parts will be released to you.

[ ] All DEA records responsive to your request have been located and are now being processed. You can expect to receive nonexempt portions of these documents within ninety days.

[ ] DEA has located documents that are responsive to you request; however, these documents were originated by another agency. Copies of these documents have been forwarded to the originating agency for processing and direct response to you.

[ ] There is an ongoing criminal investigation that may involve the subject of your request. Therefore, pursuant to 5 U.S.C. 552 (b)(7)(A), the documents you request are exempt from disclosure at this time. You may refile your request at a later date.

[ X ] DEA has located no records which are responsive to your request.

If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIPA Appeal".

Co-Director
Office of Information and Privacy
FLAG Building, Suite 570
Washington, D.C. 20530

Sincerely,

Katherine L. Myrick, Chief
Freedom of Information
Operations Unit
Drug Enforcement Administration
Washington, D.C. 20537

ClibPDF - www.fastio.com

Exhibit "CTH#1003

January 3, 2000

In Reference To: Fort B. Wilcox #68266-079

Please be advised that restitution for Mr. Wilcox has been paid and received by the courts.

Thank You,

Darlana J. Davison
531 N. Poplar
Wichita, KS 67214
(316) 681-1421
(316) 383-8700 ext. 850 (daytime)

ClibPDF - www.fastio.com

Exhibit "CTH#1003"

Certified Receipt # Z 138 453 334

**UNITED STATES POSTAL SERVICE — CUSTOMER'S RECEIPT**

KEEP THIS RECEIPT FOR YOUR RECORDS

PAY TO: Clerk, US District Court - Southern District TX

ADDRESS: P.O. Box 61010 Houston TX 77208

C.O.D. OR USED FOR: REF: Restitution Pym in Case #4:95CR00041; US v. F.B. Wilcox; BOP FRP Quarterly Pymts for Dec

Sent Dec 2000 / Mar 2000

| SERIAL NUMBER | YEAR, MONTH, DAY | POST OFFICE | AMOUNT |
|---|---|---|---|
| 01679583723 | 1999-12-23 | 672000 | $ 150.0 |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CLERK, U.S. District Court
Southern District of Texas
P.O. Box 61010
Houston, TX 77208

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (*Please Print Clearly*) B. D

C. Signature

X

D. Is delivery address different from item 1?
If YES, enter delivery address below:

3. Service Type
- [x] Certified Mail
- [ ] Express Mail
- [ ] Registered
- [ ] Return Receipt f
- [ ] Insured Mail
- [ ] C.O.D.

4. Restricted Delivery? (*Extra Fee*)

2 Article Number (*Copy from service label*) Z 138 453 334

PS Form 3811, July 1999 Domestic Return Receipt 10

Z 138 453 334

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (*See reverse*)

Sent to: Clerk - U.S. District Court

Street & Number: Southern District of Texas

Post Office, State, & ZIP Code: Houston TX 77208

| | |
|---|---|
| Postage | $ $0.33 |
| Certified Fee | $1.40 |
| Special Delivery Fee | $0.00 |
| Restricted Delivery Fee | $0.00 |
| Return Receipt Showing to Whom & Date Delivered | $1.25 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | $0.00 |
| TOTAL Postage & Fees | $ $2.98 |
| Postmark or Date | |

PS Form 3800, April 1995

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

Exhibit "CTH#1004"

STATE OF OKLAHOMA

KNOW ALL PERSONS BY THESE PRESENTS:

COUNTY OF CANADIAN

I, the undersigned do hereby declare and depose as follows:
1. That my name is Larry Gene Powell, a white male, date of birth 2, December 1963, Texas Drivers License no. 11524316. My federal register number is 27650-077. I am presently on the 7th. day of January 2000, confined at the Federal Correctional Institution, 4205 U. S. Hwy. 66 West, P.O. Box 1500, El Reno, {Canadian County}, Oklahoma 73036-1500.

2. That I am of legal age, sound mind, and competent to testify to the matters stated herein.

3. I have personal knowledge of the matters stated herein. I have freely given this affidavit and understand that It may be used as evidence in a criminal case. I have in good faith and in the Interest of Justice made this affidavit.

4. That the events stated herein occurred at the Federal Correctional Institution in El Reno, Oklahoma.

5. I have been a prisoner at FCI El Reno sine May 1999. On the night of the 4th. of January 2000 I was informed by prisoner Joe Tucker that he was aware of a plot devised by staff employees Mr. Taylor, and Mr. Robertson the Unit A Counselors. Joe Tucker explained to me that the plot was to cause myself and Mr. Fort Wilcox - my current celly to become charged with a Narcotics charge. The drug called Heroin was specifically mentioned. A second plan was also devised to plant other contraband in our cell no. W124, such as a "shank" {home made knife}. Taylor & Robertson allegedly plotted to cause myself and my celly Fort Wilcox to become wrongfully charged and convicted by planting and manufacturing evidence. It was also told to both myself and Mr. Wilcox that the counselors also intended to have another prisoner catch room W124 on fire, which would have caused us to be moved to Segregated Housing, where the counselors planned to have us sprayed with a Pepper Gas Spray. Both myself and Mr. wilcox have breathing problems and such a spray could be deadly to us.

6. I have been reporting to FBI Special Agent Timothy Atkins my Civil Rights Complaints. I have also communicated same to the U.S. Attorney and the Office of the Inspector General. Counselors Taylor & Robertson have been retaliating against me because of my complaints to the federal authorities, implicating them in criminal activity.

I declare under penalty of perjury, pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Executed this the 7th. day of January 2000.

Larry G. Powell

Larry Powell
no. 27650-077
P.O. Box 1500
El Reno, OK 73036-1500

Exhibit "C #1013"

gave important clues. She told Jesse his brother was "unharmed" when he went into the segregated unit, and more important, she reiterated what she had told Rowland: The only people who'd had access to him in that unit were guards.

Five days later, Kenneth's body arrived in a coffin at a funeral home in Westminster, California. Although pained by what they saw, the Trentadue family meticulously photographed the battered body, convinced the explicit photos would prove their judgment that he had been murdered. Jesse began disseminating the photos to the media and various federal officials. On August 29, he flew to Oklahoma City and hand delivered a set to FBI agent Jeff Jenkins. The following day, he went to Dallas and dropped off a set at the office of BOP regional counsel Michael Hood. He sent sets by Federal Express to BOP director Kathleen Hawk, BOP assistant director Wallace Cheney and Attorney General Janet Reno.

...rn two weeks after ...ent into federal ...year-old Vito ...due helps display ...ng for justice for ...Kenneth.

"Anyone who saw those photos would have to conclude that Kenneth Trentadue's death was not simply a suicide by hanging," Jordan says. "There is so much violence associated with his death that it leaves many, many questions."

By the time Michael Hood saw the photos, he already knew about the incident. As the BOP's legal representative, he was responsible for overseeing everything that happened in federal prisons in his area. He had visited the FTC on August 22, the day after Trentadue's death, and essentially took charge of the investigation. The apparent conflict of interest—the BOP was being allowed to investigate itself—didn't seem to concern anyone in the Justice Department.

On September 1, despite having seen the disturbing photos, Hood and a number of other federal officials approved a press release that would prove to be the only public comment on the death to be issued by the FTC. The press release stated that Trentadue's death "has been tentatively ruled as suicide by asphyxiation." It went on to say that the "cuts and abrasions" on his body were "self-inflicted."

When he saw the press release, Rowland was furious. "They must think we're idiots," he thought. He called Hood in Dallas. "I told him it wasn't his right to decide the manner of death and that there was no indication it was a suicide."

At this point in the story, a cover-up that began in Oklahoma appears to have spread to Washington, D.C. At the very time the FBI should have been investigating the incident, FTC staff, Washington's acting BOP public-information officer Dan Dunne and other Justice Department officials involved in approving the press release had declared the death a suicide without waiting for the medical examiner's report. Yet a psychological reconstruction (a detailed investigation into an inmate's suicide, mandated by BOP regulations) was not conducted after Trentadue's death. This revelation came from the BOP itself in a June 1996 letter to Jesse Trentadue from Scott Bomson, the BOP's deputy regional counsel in Dallas at the time. (He has since been transferred to BOP headquarters in Washington.) The only person who has authority to alter that investigative requirement, BOP policy statements show, is the regional director—who, at the time of the incident, was Charles Turnbo, who has since retired. Jordan and Rowland had assumed the FBI was investigating the case, but today know otherwise. The bureau did not begin to interview witnesses, including FTC guards, until December, four months after the incident, and only then after mounting pressure from the public and the Trentadue family.

The failure of the FBI to lead the investigation violated a 1994 memo of understanding between BOP director Hawk and FBI director Louis Freeh that said the FBI, not the BOP, would investigate possible criminal acts in federal prisons. "This thing was bungled from the beginning," says Senator Orrin Hatch of Utah, chairman of the Senate Judiciary Committee, which oversees the FBI and the BOP. "The FBI had the obligation to investigate this. But I think somebody at Justice assigned this case to the BOP."

The policy breach might be explained by something GQ learned a year ago. There had been violent guard-on-inmate